IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DERRICK S. DAILEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 18-0087-WS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Derrick S. Dailey's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (doc. 26).

Dailey pleaded guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On December 11, 2018, this Court sentenced Dailey to a total term of imprisonment of 54 months, consisting of six months on the marijuana charge and 48 months consecutive on the firearm charge. Dailey is presently serving that custody sentence at FCI Memphis in Memphis, Tennessee, with a projected release date of September 11, 2022. In his Motion, Dailey requests sentence reduction on grounds of compassionate release, arguing that he has been diagnosed with high blood pressure and human papillomavirus (HPV). He offers no information and no details as to the severity of these conditions or what, specifically, about those diagnoses rises to the level of an "extraordinary and compelling reason" that might warrant the discretionary remedy of compassionate release.

Dailey is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. His Motion has been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant such as Dailey to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

-2-

days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). In other words, Dailey must present his request for compassionate release to prison officials and allow them at least 30 days to respond before petitioning this Court for relief. He makes no showing that he has met this statutory prerequisite; to the contrary, he checked the box "No" (without explanation) under the question, "Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?"

For these reasons, Dailey's Motion is **denied** as procedurally deficient, without prejudice to his ability to renew his motion upon a proper showing that (i) he has complied with the procedural requirements of § 3582(c)(1)(A); and (ii) extraordinary and compelling reasons favor granting him early release from prison.

DONE and ORDERED this 9th day of November, 2020.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE